## PACIFIC DRY GOODS CO. *v.* UNITED STATES

**No. 5219.**—Invoices dated Yokohama, Japan, February 13, 1935, etc.
Certified February 14, 1935, etc.
Entered at San Francisco, Calif., March 4, 1935, etc.
Entry No. 8537, etc.

(Decided April 17, 1941)

*Lawrence & Tuttle (Frank L. Lawrence* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that certain items of the merchandise herein are of the same character and description as the merchandise in *United States* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006; that the appraised value, less any additions made by the importer by reason of the so-called Japanese consumption tax, represents the proper export value, and that there was no higher foreign value.

On the agreed facts I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any additions made by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

## PACIFIC DRY GOODS CO. *v.* UNITED STATES

**No. 5220.**—Invoices dated Yokohama, Japan, July 13, 1938, etc.
Certified July 14, 1938, etc.
Entered at San Francisco, Calif., July 29, 1938, etc.
Entry No. 854, etc.

(Decided April 17, 1941)

*Lawrence & Tuttle (Frank L. Lawrence* of counsel), for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that certain items of the merchandise herein are of the same character and description as the merchandise in *United States* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006; that the

appraised value, less any additions made by the importer by reason of the so-called Japanese consumption tax, represents the proper export value, and that there was no higher foreign value.

On the agreed facts I find and hold the proper dutiable export value of the rayon wearing apparel and the rayon footwear covered by said appeals to be the value found by the appraiser, less any additions made by the importer by reason of the so-called Japanese consumption tax. Judgment will be rendered accordingly.

## HEDAYA IMPORTING CO. v. UNITED STATES

No. 5221.—Invoices dated Swatow, China, October 8, 1936, etc.
Entered at New York November 24, 1936, etc.
Entry No. 774773, etc.

(Decided April 18, 1941)

Lane & Wallace for the plaintiff.

Charles D. Lawrence, Acting Assistant Attorney General (Daniel I. Auster, special attorney), for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that the issue herein and the issue in United States v. Kohlberg, C. A. D. 88, is the same; that the market value or price at or about the dates of exportation at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country of exportation for export to the United States, in usual wholesale quantities and in the ordinary course of trade, including all costs, charges, and expenses specified in section 402 (d) of the Tariff Act of 1930, is the appraised value, less any amount added under duress, and that there was no higher foreign value.

On the agreed facts I find and hold the proper dutiable·export value of the merchandise covered by said appeals to be the value found by the·appraiser, less any amount added under duress. Judgment will be rendered accordingly.

## PENINSULAR NET & TWINE CO. v. UNITED STATES

No. 5222.—Invoices dated Apeldoorn, Holland, November 24, 1939, etc.
Certified December 27, 1939, etc.
Entered at Tampa, Fla, January 24, 1940, etc.
Entry No. 406, etc.